Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Spencer L. Pfeiff (SBN 343305)
Spencer@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429
F: 866-219-8344

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIDIA JENKINS, individually and on behalf of others, | Case No.:  3:22-cv-01251-BAS-JLB |
| Plaintiff, | Pleading Type: Class Action |
| v. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT |
| BANK OF AMERICA, N.A., | Hon. Cynthia Bashant |
| Defendant. | Hearing Date: November 28, 2022<br>Courtroom: 4B<br>Complaint Filed: August 24, 2022 |

## I.    INTRODUCTION

Plaintiff Lidia Jenkins ("Plaintiff") filed a nationwide class action complaint against Bank of America, N.A. ("Defendant"). (ECF Dkt. 1). Plaintiff's Complaint alleges violations of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, et seq. Defendant attempts to dismiss Plaintiff's Complaint by relying on Second Circuit case law involving matters that are settled within the Ninth Circuit.

The crux of Defendant's argument is that Plaintiff's revocation of consent to be contacted by Defendant was invalid because Plaintiff's revocation was not in accordance with the method provided by Defendant's Credit Card Agreement ("CCA"). [ECF Dkt. 13-3 at 7-8].  However, Defendant's argument is predicated on an incorrect assumption that the Ninth Circuit relies on common law contract principles when interpreting the statutory intent of the TCPA.  The Ninth Circuit has overwhelmingly rejected the use of contract principles to interpret the statutory intent of the TCPA and has repeatedly held that Consumers can use any reasonable method to unilaterally revoke prior express consent to be contacted *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1048 (9th Cir. 2017).

In the current matter, Defendant only argues that it did not receive Plaintiff's revocation in a manner Defendant desired. Defendant does not contest the fact that Defendant received Plaintiff's revocation of consent or that Plaintiff's revocation of consent was not unequivocal. Thus, Defendant's continuous automated debt collection calls thereafter were in violation of the TCPA.

Therefore, Plaintiff's complaint alleges facts that entitle Plaintiff to relief under the TCPA pursuant to Rule 12(b)(6). Accordingly, the Court should deny Defendant's motion to dismiss and in the event the Court grants any part of Defendant's motion, Plaintiff respectfully requests leave to amend.

## II.    STATEMENT OF FACTS

Prior to September 2021, Plaintiff owed a debt to Defendant. (ECF Dkt. 1 at ¶ 8). Toward the end of September 2021, Defendant engaged in a relentless campaign of

robo-calls to Plaintiff's cell phone in an effort to collect a debt. (ECF Dkt. 1 at ¶ 9). On September 27, 2021, in an attempt to end the harassment, Plaintiff through counsel faxed Defendant a letter expressly revoking any prior consent Plaintiff conveyed to Defendant which would have allowed Defendant to contact Plaintiff. (ECF Dkt. 1 at ¶ 11). Specifically, Plaintiff's letter read, "Please cease further communication with me", and included Plaintiff's full name, address, and last four digits of Plaintiff's social security number. *Id.* Plaintiff's counsel faxed the letter to several fax numbers belonging to Defendant to ensure that Defendant received Plaintiff's revocation of consent to be contacted. *Id.* Thus, Plaintiff's letter expressly revoked any consent Defendant believed it had to robo-dial Plaintiff. (ECF Dkt. 1 at ¶ 21).

However, Plaintiff's efforts to end Defendant's harassment were fruitless. Over the next four days, Defendant continued to use auto dialers and pre-recorded voices to call Plaintiff in attempts to collect an outstanding debt. (ECF Dkt. 1 at ¶¶ 12-15). Defendant's harassment did not end there. In November 2021, Defendant called Plaintiff's cell phone six more times using an artificial or pre-recorded voice. (ECF Dkt. 1 at ¶¶ 16-19). On December 19, 2021, Defendant called Plaintiff twice, again using an artificial or pre-recorded voice. (ECF Dkt. 1 at ¶ 20).

Defendant's conduct resulted in multiple invasions of Plaintiff's privacy. (ECF Dkt. 1 at ¶ 27). By continuing to robo-dial Plaintiff's cell phone after receiving Plaintiff's letter revoking any prior consent, Defendant engaged in conduct that constitutes numerous negligent and willful violations of the TCPA.

## III.  LEGAL STANDARD

Defendant moves to dismiss under Rule 12(b)(6) but has failed to meet its burden under this rule. The applicable standards are well settled. Under Rule 12(b)(6), a claim for relief must only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Grandesign Advertising Firm, Inc. v. Talon US (Grandesign) LLC*, 2021 WL 780477, *1 (S.D. Cal. Mar. 1, 2021) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept the allegations in the complaint as true, construing them in the light most favorable to plaintiffs and drawing all reasonable inferences in plaintiffs' favor. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580 (9th Cir. 2008). The complaint must be read "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Rule 12(b)(6) motions are "viewed with disfavor and rarely granted," *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), and are "especially disfavored" when the case presents a novel legal theory "that can best be assessed after factual development," *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004).

## IV.   ARGUMENT

Plaintiff's complaint alleges facts that clearly notify Defendant of Plaintiff's basis for her claims. Plaintiff alleged that: (1) Plaintiff expressly revoked any prior consent which would have allowed Defendant to contact Plaintiff; (2) Defendant received Plaintiff's revocation of consent to be contacted; and (3) despite Defendant's receipt of Plaintiff's revocation of consent to be contacted, Defendant contacted Plaintiff at least a dozen times using a pre-recorded voice.

Defendant does not contest the fact that Plaintiff's revocation was received, Defendant's only argument is that it did not receive Plaintiff's revocation in the correct manner. However, Defendant's argument fails because it is predicated on authority that relies on contract principles to interpret revocation of consent under the TCPA. The Ninth Circuit has rejected Defendant's argument holding that consent is freely revocable *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1048 (9th Cir. 2017).

The facts in Plaintiff's complaint allege that Defendant continued to contact Plaintiff despite receipt of Plaintiff's revocation of consent. Therefore, Defendant's continued contacts constitute multiple violations of the TCPA and the Court should deny Defendant's motion to dismiss Plaintiff's complaint.

**A. The Controlling Law Permits Consumers to Revoke Prior Express Consent Under the TCPA.**

Defendant's arguments fail as a matter of law. The Ninth Circuit has held "the TCPA permits consumers to revoke their prior express consent to be contacted by telephone autodialing systems." *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1048 (9th Cir. 2017). Additionally, the Federal Communications Commission ("FCC"), stressed that consumers "have a right to revoke consent, using any reasonable method including orally or in writing." *Van Patten,* 847 F.3d at 1047 (citing *In re Rules & regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Recd. 7961 (July 10, 2015) (the "FCC Ruling").

In *Van Patten* the Court held "the TCPA permits consumers to revoke their prior express consent to be contacted by telephone autodialing systems." *Van Patten*, 847 F.3d 1048. "Ninth Circuit courts, applying *Van Patten* have held that prior express consent, even if obtained through a contract between the parties does not preclude a party from revoking consent." *Jara v. GC Servs. Ltd. P'ship,* No. 2:17-cv-04598-ODW-RAO, 2018 WL 2276635, at *3 (C.D. Cal. May 17, 2018).

In *Singer v. Las Vegas Athletic Clubs,* 376 F. Supp. 3d 1062, 1073 (D. Nev. 2019), the defendant attempted to persuade the Court to follow a contractual interpretation of the TCPA wherein the second circuit held that "a party who agrees to be contracted as part of a bargained-for exchange [cannot] unilaterally revoke consent. *Reyes v. Lincoln Auto Fin. Serves.*, 861 F.3d 51, 56-57. However, the *Singer* Court rejected defendant's argument and determined that it "is bound by the Ninth Circuit's ruling in *Van Patten*" and affirmed the *Van Patten* holding. *Singer*, 376 F. Supp. 3d at, 1073.

In both *Van Patten* and *Singer*, the plaintiffs gave prior express consent to permit defendants to contact plaintiffs via plaintiffs' cellular telephones as part of a membership contract as bargained-for consideration. The current matter is exactly that. Defendant's CCA includes an express contractual provision in which Plaintiff

consented to allow Defendant to place calls to Plaintiff using auto-dialers and prerecorded messages.

As such, this Court is bound by the holding of the Ninth Circuit which overwhelmingly rejected *Reyes* and held that consumers like Plaintiff have a right to unilaterally revoke prior express consent "using any reasonable method" under the TCPA.

**B. The Controlling Law In the Ninth Circuit Does Not Support Defendant's Argument That Defendant Can Contractually Abridge Plaintiff's Right to Revoke Her Consent.**

Defendant continues to minimize the weight of the controlling law in the Ninth Circuit by citing merely persuasive authority. Defendant's sole argument is that contractual "parties may, by mutual agreement, limit the means by which a consumer can withdraw consent to be called on the telephone." *Thompson-Harbach v. USAA Fed. Sav. Bank*, 359 F. Supp 3d. 606, 628 (N.D. Iowa 2019).

Defendant further analogizes the current matter to the facts in *Barton v. Credit One Fin.,* 2018 WL 2012876 (N.D. Ohio Apr. 30, 2018). In *Barton*, a contractual agreement provided that the plaintiff was required to mail his written revocation to defendant. Thus, when plaintiff attempted to revoke his consent orally over the phone, the court held that a consumer "cannot unilaterally alter the terms of the agreement to claim that his oral revocation of consent was valid." *Id.* at *3. However, the *Barton* holding is predicated on the court's reliance on the holding in *Reyes*. *Id.* Specifically, that the "TCPA does not permit a consumer who agrees to be contacted by telephone as part of a bargained-for transaction to unilaterally revoke that consent." *Id* (citing *Reyes*, 861 F.3d 51 at 56). Therefore, this Court should give defendant's argument minimal weight. Defendant merely attempts to re-package a settled matter of law in the Ninth Circuit, as a novel issue. The Ninth Circuit has repeatedly rejected the *Reyes* argument and has instead relied on natural consent principles and guidance from the FCC.

Plaintiff's Opposition to Defendant's Motion To Dismiss The Complaint

Specifically, the *Van Patten* court explained that since the "TCPA is a remedial statute intended to protected consumers from unwanted automated telephone calls and messages, it should be construed in accordance with that purpose." *Van Patten*, 847 F.3d at 1047. The court goes on to explain that the FCC Ruling "stressed that consumers have the right to revoke consent, using any reasonable method including orally or in writing." *Id* (citing 30. F.C.C. Rcd. 7961 at 7996 ¶ 64). Additionally, the Court found that the "TCPA does not permit the calling party to designate the exclusive means of revocation, and instead, the called party must clearly express his or her desire not to receive further calls." *Id* (citing 30. F.C.C. Rcd. 7961 at 7996 ¶ 67).

Similarly in *ACA Int'l*, the D.C. Circuit discussed whether callers can unilaterally prescribe the exclusive means for consumers to revoke their consent. *ACA Int'l v. Fed. Commc'ns Comm'n,* 855 F.3d at 709. In response, the FCC stated that allowing "callers to designate the exclusive means of revocation . . . could materially impair . . . the right of revocation." The FCC instead concluded that "a called party may revoke consent at any time through any reasonable means." *Id.* "In assessing whether revocation meets the "reasonable means" standard . . . a factor to consider is whether the consumer had a reasonable expectation the she could effectively communicate her request in that circumstance" *Id.*

In the current matter, the Court is bound by *Van Patten* which greatly relied on the FCC's guidance re revocation of consent consistent with the intent of the TCPA. Here, Plaintiff's revocation clearly communicated to Defendant that she no longer consented to being contacted. Although Defendant provided a method of revocation in the Amendment to the Agreement, Defendant cannot unilaterally abridge Plaintiff's right to reasonably revoke her consent to be contacted by Defendant. Furthermore, Plaintiff's act of sending written revocation notices via fax are reasonable under the circumstances given, that Defendant requested to receive written revocation and Defendant does not deny that it received Plaintiff's revocation.

Therefore, every contact Defendant made with Plaintiff after it received

7

Plaintiff's faxed revocation letters constitutes a violation of the TCPA.

   **C.  Plaintiff Plead Facts That Demonstrate She Is Entitled To Relief Under the Controlling Law of the Ninth Circuit.**

   On September 27, 2022, Defendant received Plaintiff's fax which stated "Please cease further communication with me" clearly demonstrating that Plaintiff revoked any prior express consent Defendant believed it had pursuant to the CCA. Defendant does not dispute that it received Plaintiff's revocation. Defendant does not dispute that Plaintiff's revocation clearly expressed Plaintiff's desire to not be contacted.

   Yet, during the months following receipt of Plaintiff's revocation of consent, Defendant continued to use auto dialers to place calls with prerecorded voices to Plaintiff's cell phone. Due to Plaintiff's revocation on September 27, 2021, every subsequent call by Defendant constituted individual violations of the TCPA.

   Therefore, accepting the allegations in Plaintiff's Complaint as true, and construing them in the light most favorable to Plaintiff, the Court should apply the holdings of *Van Patten* and *Singer* because, they are the controlling in the Ninth Circuit. Specifically, *Van Patten* and *Singer* both support Plaintiff's contention that the TCPA protects Plaintiff's right to revoke consent by any reasonable means. In doing so, the Court should deny Defendant's motion to dismiss since Plaintiff has met the burden of pleading facts that entitle Plaintiff to relief.

**V.    CONCLUSION**

   As described above, the Ninth Circuit is the controlling law of this case. Defendant improperly attempts to persuade the court to apply common law contract principles and holdings in other circuits to determine Plaintiff's ability to revoke her prior express consent to be contacted by Defendant. In doing so, Defendant fails to acknowledge that *Van Patten* and *Singer* are the controlling law in the Ninth Circuit. Both *Van* Patten and *Singer* hold that Plaintiff can revoke prior express consent under the TCPA using any reasonable method. Here, Plaintiff unequivocally revoked her consent to be contacted by sending revocation to several fax numbers owned by

Defendant. Plaintiff's means of revocation are reasonable given that Defendant does not dispute the fact that it received Plaintiff's revocation. Defendant's attempts to abridge Plaintiff's right to revoke consent through any reasonable means does not support the congressional intent of the TCPA, which is to protect consumers from unwanted automated telephone calls. Applying the controlling law, Plaintiff plead facts that demonstrate she is entitled to relief.

As such, Plaintiff respectfully requests that Defendant's motion to dismiss be denied. If any part of the motion is granted, Plaintiff respectfully requests leave to amend, considering there has been no bad faith or undue delay and Defendant would suffer no prejudice.

Date:  November 9, 2022                    SWIGART LAW GROUP, APC


                                           By:  *s/ Joshua B. Swigart*
                                           Joshua B. Swigart, Esq.
                                           Josh@SwigartLawGroup.com
                                           Attorney for Plaintiff