1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12

LIDIA JENKINS, individually and on behalf of others,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

13
14
15
16
17
18
19
20

Case No. 22-cv-1251-BAS-JLB

**ORDER:**
(1)  **DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (ECF No. 13-1); AND**
(2)  **DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 13)**

21
22
23
24
25
26
27
28

Before the Court is Defendant's Motion to Dismiss this action for failure to state a claim brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot., ECF No. 13.) Plaintiff opposes (Opp'n, ECF No. 14), and Defendant replies (Reply, ECF No. 15). Collateral to its Motion, Defendant requests the Court take judicial notice of two Exhibits. (Req. for Judicial Notice ("RJN"), ECF No. 13-1.) Having considered the parties' filings, the Court **DENIES** Defendant's Request for Judicial Notice and **DENIES** Defendant's Motion to Dismiss.

22cv1251

## I.   BACKGROUND

Prior to September 2021, Plaintiff incurred credit card debt to Defendant.[1] (Compl. ¶ 8, ECF No. 1.) At some point later, Defendant began "robo-calling" Plaintiff's cellular phone requesting payment. (*Id.* ¶ 9.) In response, Plaintiff retained an attorney to address her debt and Defendant's calls. (*Id.* ¶ 10.) On September 27, 2021, Plaintiff's attorney faxed a letter to "multiple fax numbers belonging to Defendant" stating "[p]lease cease further communication with me." (*Id.* ¶ 11.) The faxes included Plaintiff's full name, address, and the last four digits of her social security number. (*Id.*) The Complaint alleges that Plaintiff "revoked any prior express consent Defendant may have believed it had to robo-dial Plaintiff" through these faxes. (*Id.* ¶ 21.)  During the next three months, Defendant called Plaintiff twelve different times using an "artificial or prerecorded voice." (*Id.* ¶¶ 12–22.)

Plaintiff filed the Complaint on August 24, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227. Defendant now moves to dismiss and requests that the Court take judicial notice of a Credit Card Agreement ("CCA"), which it claims is between the parties and includes a provision establishing Plaintiff's consent to contact.[2] (RJN 2.) In an Amendment to the CCA ("Amendment"), which appears to have been mailed after the CCA was executed as part of a credit card bill, Defendant explains how a consumer's consent revocation must take place:

> If you do not want to receive automatically dialed communications for this account, including prerecorded messages or texts, as described above, you must (1) provide us with written notice revoking your prior consent; and (2) in that written notice, include your name and mailing address as they appear on the account, and the last four digits of your account number. The notice

---

[1] For the pending Motions, the Court accepts the factual allegations in the Complaint as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] The provision, "Telephone Calls: Calling, Monitoring and Recording," states, "Where you have provided a cell phone number directly to us, you consent and agree to accept servicing calls and text messages to your cell phone from us. For example, we may place calls to you about fraud alerts or amounts you owe us (collection calls) on your account. For any telephone or cell phone calls/communications we place to you, you consent and agree that those calls may be automatically dialed including prerecorded calls." (Ex. 1 at 13 to RJN, ECF No. 13-2.)

must be sent to the address listed below. Bank of America, PO Box 982236, El Paso, TX 79998-2236.

(Ex. 2 at 9 to RJN, ECF No. 13-3.)

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A complaint must plead sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court, however, need not accept conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citations omitted).

## III.   ANALYSIS

### A.   Judicial Notice

Defendant requests this Court take judicial notice of the CCA and its Amendment absent any authenticating declarations. Fed. R. Evid. 901(a). (RJN 2.) Under Rule 201(b), the court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Defendant provides contracts for Plaintiff's personal credit card. (Ex. 1 to RJN; Ex. 2 to RJN.) Banking agreements are private, and unlike public documents, the provided

agreements are not from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Akkelian v. Nourian*, No. CV 17-1446 PSG (Ex), 2017 WL 10562757, at *5 (C.D. Cal. Sept. 8, 2017) (noting the agreement at issue was "a private contract between private parties," and therefore was "not from a public source or other source 'whose accuracy cannot reasonably be questioned.'" (quoting *Lee v. City of L.A.*, 250 F.3d 688, 689 (9th Cir. 2001))). Thus, the Court denies Defendant's Request for Judicial Notice of the CCA and its Amendment.

The Court could possibly incorporate the CCA and its Amendment by reference into the Complaint. Like a request for judicial notice, the incorporation-by-reference doctrine allows a party to rely on a document outside of the pleadings. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In *Khoja*, the Ninth Circuit acknowledged that there are "rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage." *Id.* Some materials not expressly cited in the complaint can be incorporated, because "the claim necessarily depend[s] on them." *Id.* (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). However, documents that the court may consider under the incorporation-by-reference doctrine still must be authenticated. *See Gustafson v. Experian Info. Sols. Inc.*, No. 2:14-CV-01453-ODW EX, 2014 WL 2115210, at *3 (C.D. Cal. May 21, 2014) ("[E]ven if the Court may consider [the plaintiff's] credit report under the incorporation-by-reference doctrine, [the defendant] wholly failed to authenticate it.").

Although the CCA and its Amendment are not expressly referenced in the Complaint, the Court recognizes that the purported CCA could be central to Plaintiff's claims. For example, the Complaint insinuates that Plaintiff previously consented to Defendant's communications when it states Plaintiff "had revoked any prior express

consent Defendant may have believed it had to robo-dial Plaintiff." (Compl. ¶ 21.) Similarly, the Complaint alleges, "Plaintiff owed a debt to [Defendant]," indicating there was a contractual relationship between the parties. (*Id.* ¶ 8.) Therefore, the incorporation-by-reference doctrine could apply. With that being said, the CCA lacks authentication, so relying on incorporation-by-reference would be improper. *See Gustafson*, 2014 WL 2115210, at *3.

In the interest of judicial efficiency, the Court will nonetheless consider the substance of Defendant's arguments concerning the TCPA and the alleged revocation of consent.

**B.    Motion to Dismiss**

Even if the Court could consider the CCA and its Amendment, the validity of Plaintiff's revocation is a question of fact more apt for the summary judgment stage. On the face of the pleadings, even when considering the CCA and its Amendment, the Court finds that Plaintiff plausibly states a claim.

To establish a TCPA claim, Plaintiff must allege three elements: (1) Defendant called a cellular telephone number; (2) Defendant used an automatic telephone dialing system or a prerecorded voice to deliver a message; and (3) Defendant did not have the prior consent of Plaintiff. *See* 47 U.S.C. § 227(b)(1)(A); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042–43 (9th Cir. 2012). Here, Defendant argues Plaintiff fails to plausibly allege the third element. (Mot. 3.) Defendant claims that Plaintiff's initial consent was still effective at the time of the calls because she did not revoke her consent in the agreed-upon manner. (*Id.*) But Defendant's argument is premature.

Even if the Court determined that consent revocation contract provisions did not contravene the TCPA, there are too many factual questions to dismiss the dispute at this stage. Indeed, it is unclear whether the Amendment to the CCA is enforceable under common law contract doctrine. For instance, the Court may find after discovery that the Amendment is an invalid unilateral modification of the original contract without consideration. Further, it is not clear whether Plaintiff received the Amendment, whether

there are other relevant amendments to the CCA, whether Plaintiff's method of revocation was reasonable, and whether Defendant received Plaintiff's revocation. All of these ambiguities require factual exposition and cannot be resolved at the pleadings stage.

In support of its position, Defendant cites two out-of-circuit district court cases: *Thompson-Harbach v. USAA Fed. Sav. Bank*, 359 F. Supp. 3d 606, 628 (N.D. Iowa 2019), and *Barton v. Credit One Fin.*, No. 16CV2652, 2018 WL 2012876, at *4 (N.D. Ohio Apr. 30, 2018). (Mot. 6.) But these cases are inapposite in two ways. First, both courts considered a motion for summary judgment, not a motion to dismiss. As a result, many of the factual issues listed above had been explored in discovery. Second, in each case, the plaintiff's method of revocation was far afield from the method in the contract's revocation provision. The plaintiffs orally asked the banks to stop calling, when the contract provisions stipulated that the revocation must be in writing or online. *Thompson-Harbach*, 359 F. Supp. 3d at 627 (online); *Barton*, 2018 WL 2012876, at *3 (in writing). By contrast, here, the contractual method of revocation seems to be very similar to the actual method of revocation. The Amendment states that Plaintiff must mail written revocation to a specific PO box and must include certain information. (Ex. 2 at 9 to RJN.) Plaintiff allegedly included the specified information but faxed the written revocation rather than mailing it. (Compl. ¶ 11.)

In sum, there are several key factual ambiguities that cannot be resolved at the pleadings stage. As a result, assuming the validity of the CCA and its Amendment requires the Court to draw inferences in favor of Defendant, offending the Rule 12(b)(6) standard. From the pleadings, even including the CCA and its Amendment, the Court can plausibly infer Plaintiff validly revoked her consent to be called. Her written revocation included her full name, address, and last four digits of her social security number, and she sent this information to "multiple fax numbers belonging to Defendant." (*Id.*) Thus, the Court finds Plaintiff plausibly states a TCPA claim.

22cv1251

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Request for Judicial Notice and **DENIES** the Motion to Dismiss (ECF No. 13.)

**IT IS SO ORDERED.**

**DATED:** April 13, 2023

Hon. Cynthia Bashant
**United States District Judge**

- 7 -

22cv1251